### DOCTRINE OF RESPONDEAT SUPERIOR APPLIES TO A POLICEMAN.

Common Pleas Court of Franklin County.

WILLIAM SCHMELZER v. CITY OF COLUMBUS.

Decided, January 5, 1922.

*Municipal Corporations—Police Officers in the Same Class as Firemen —City not Exempt from Liability for Their Tortuous Acts—Their Relation to the Municipality that of Employees.*

The exemption which relieves a municipality from liability for tortuous acts of some of its officers does not apply to the case of a policeman, who sustains the relation of employee only and as to whose acts the doctrine of *respondeat superior* applies. Demurrer, therefore does not lie to the petition in an action against the city for damages, wherein it is alleged that the policeman complained of wilfully, wantonly, recklessly and negligently, while on duty as a police officer and acting under color of office, inflicted injury to the plaintiff by shooting him.

*Hogan & Hogan,* for the plaintiff.
*C. A. Leach,* City Solicitor, for the defendant.

WARNER, J.

Heard on demurrer to petition.

This is an action by the plaintiff to recover damages from the defendant for a tort committed by one of its police officers.

The petition alleges that said city is operated under the charter form of government as authorized by the constitution of the state of Ohio; that said charter provides that the director of safety shall be the executive head of the police department: that the chief of the division of police shall have entire control of police stations and sub-stations stationing and transfer of men in said division.

That the plaintiff was driving west in an automobile on West Broad street in said city at about one o'clock a. m., February 3, 1921; that he was shot through the left shoulder by one William C. Beekman, who was a police officer of the defendant and on duty at the time. That said shooting was wilfully, recklessly and negligently done by said officer; that the special assignment of said officer was to intercept any person or persons transporting liquor unlawfully over the streets of the city or having possession of intoxicating liquor in violation of law; that said shooting was without justification and that the plaintiff at the time was in the peace of the state; that the injuries suffered by the plaintiff were caused by the wilful, reckless and negligent act of the defendant, the city of Columbus, through its agent and servant as such police officer.

The demurrer presents the question whether or not the city of Columbus, Ohio, may be held liable for the torts of its police officers.

Until the decision by the Supreme Court in the Fowler case, 100 O. S., page 158, the law in Ohio seemed to be established that a municipality could not be so held. The above decision while it was based on the negligent act of a fireman of the city of Cleveland, has had the effect of calling into question the decisions heretofore announced on the question of the liability of a municipality for the torts of its police officers.

It is conceded that the Fowler case overrules *Frederick* v. *Columbus*, 58 O. S., p. 538.

Is the instant case controlled by the principles enunciated in the Fowler case? In other words, is a municipality liable for the torts of its police officers while in the discharge of their duties?

It is urged on the part of the defendant that the Fowler case is not decisive and has no application in the case at bar, but the plaintiff contends earnestly that said decision, if not directly, by implication holds that the liability would be the same in the case of a tort of a policeman as a fireman.

The court in the Fowler case used this language:

"The rule of law must be declared. If the old rule is found to be unsuited to present conditions or unsound, it should be set aside and a rule declared which is in harmony with those conditions and meets the demands of justice."

The defendant is operating under the "home rule" provision of the Constitution. It has adopted a charter form of government Under the "home rule" provision the city has enacted legislation to meet the complex conditions arising from the public demands of a large municipality. This legislation often includes matters and subjects hitherto in the exclusive jurisdiction of the state. The progress of the age and changed conditions brought about the Eighteenth Amendment of the state Constitution and made possible legislation to meet the varied needs of growing municipalities. This municipal legislation has been invariably upheld by the courts and a liberal construction given said amendments to make such legislation valid.

The defendant is a large public corporation existing for the public good. Its various departments and agencies are supposed to co-operate to the end that each citizen alike may enjoy equally the privileges of citizenship within the city's domains.

Under the charter of the defendant the police and fire departments were established. While they existed before, they are now established under the home rule or charter government. In each

of said departments rules and regulations are promulgated defining the duties of policemen and firemen. Under the merit system of the city an employment agency is established known as the civil service commission, whose duty it is to ascertain the qualifications of applicants for the respective departments; to hold competitive examinations and certify for employment by the city those found eligible. Not only does this system of employment obtain in the safety department but in the service department as well. The employment is not for any definite term and any employee may be discharged for cause by the defendant.

As before stated the duties of policemen and firemen are defined by their employer, the city. The primary dual duty of each is the protection they afford the citizen in his person and property. It is thus easy to understand why the text writers place policemen and firemen upon an equality as agents of the city. The ultimate end and duties of their employment by the city is the same no matter by what name designated.

A fire alarm is sounded which is an injunction to the firemen in that district to go to the fire and protect the property and lives in jeopardy; a warant is issued and handed to a policeman instructing him to proceed and arrest one who has committed an offense against a person or property; there is no discretion in either case on the part of the fireman or policeman. If a fireman by his negligence, in the performance of his duty, injures some one and the policeman negligently and carelessly performs his duty, with the result that a third party is injured in his person or property, can it be said that in the former case the city should be held, but not in the latter?

I am of opinion that such distinctions are without authority in law and are calculated not only to confuse but to undermine the principles of equality and justice.

Whatever may have been the relationship between the state and a policeman before the adoption of the home rule form of government, as provided for and administered under the charter of the defendant, it would seem that the sole and only obligation of members of the police and fire department is to their employer, the defendant.

It is urged that a policeman is an officer of the state and as such the state or municipality can not be held for his torts. I am aware that some text writers and some courts have so held. However, as to what does and what does not constitute such an officer, that would exempt a state from liability, must be determined by the duties and not by what you call them.

As stated by the court in *State v. Hunt*, 84 O. S., 149:

"We have not undertaken to enter the field of definition of the term 'office' or 'officer.' As given in the books they are multitudinous, not to say multifarious. Indeed so varied are they scattered through the books, that the ingenious barrister may find support for almost any proposition relating to the general subject which the necessities of his case may seem to demand But, like maxims of the law, when used indiscriminately and without judgment, they are apt to mislead."

"One which seems to have met with most favor perhaps, is that an office is a public position to which a portion of the sovereignty of the country attaches and which is exercised for the benefit of the public. And yet without a satisfactory definition of what is and what is not the 'sovereignty' of the country, this definition seems to fail to adequately define."

The court then proceeds to give examples of what had been held to be officers and what held not to be officers under said definition.

In the case of *State v. Jennings*, 57 O. S., 44. the court held that firemen were not officers. By implication, at least, the court in the case of *State v. Hunt, supra*, affirm the former holding.

I have reached the conclusion, therefore, that no distinction can be drawn between the police department and the fire department that would exempt the defendant for negligence by the former and hold it for the negligence of the latter.

In my opinion the tort or negligence of an officer that will exempt his employer from liability should be restricted to those officers about which there can be no dispute as to legislative, executive, or judicial discretion in the incumbent. To say that it includes policemen and firemen under the condition and cir-

cumstances of the instant case is to give it a narrow construction operating for expediency rather than justice.

It is urged by the defendant that to hold the defendant liable would cause the police to become indifferent and derelict in their duty; that they would be afraid to make arrests for fear of making mistakes; that crime would become rampant through the city; and that many direful results would follow such a ruling.

It is hard to believe that the efficiency of a policeman or a fireman depends upon his right to mistreat citizens at his own caprice and without cause or provocation. In my opinion such police protection is not of a character that protects. The way the whole citizenship is protected is the way the individual citizen is protected. Surely it will not be contended by the defendant that it should be permitted to employ agents who may, under color of their office, indulge in wanton, gross negligence to the injury of citizens and take refuge from liability behind the antiquated governmental function exemption theory.

I am not inferring that such exemption is not proper and a good defense in proper cases where purely governmental functions are involved.

Another patent reason that such a position is inimical to good administration of the affairs of a municipality is the fact that the fancied security from liability on the part of the city for the torts of its agents is reflected in the fact that it no longer takes the precaution to secure its citizens against unlawful and negligent acts of its agents.

It is perhaps *dehors* the record but I have deemed this question of sufficient importance to call for some facts not disclosed by the record. I am informed that formerly the defendant required its policemen to execute bonds for the faithful performance of their duties; that this is no longer a requirement by the defendant. With this condition obtaining, the rights of our citizens are less likely to be safeguarded than would be the case if liability should attach.

It affords no relief to say that a prosecution for assault and battery, trespass of civil action for damages would lie against the policemen under such circumstances.

The constitutional rights of every citizen to have an adequate remedy at law for injury to his person or property must exist in reality and not a mere fiction. As stated by the court in the Fowler case, "Authority should be reconciled with justice."

Neither the city nor police officer should be held liable for acts done with that diligence usually exercised by a police officer under like or similar conditions, notwithstanding an innocent party may have suffered injury.

In the instant case the petition alleges that the police officer, without justification, wilfully, recklessly and negligently shot the plaintiff; that this was done under color of his office and while on duty as a police officer.

For the purposes of the demurrer all the allegations of the petition are taken as true.

That the opinion here announced may not appear to be in conflict with the opinion announced earlier in the term in the case of *Smith* v. *City of Columbus*, in which this branch of the court sustained the demurrer of the defendant to the petition. will say that the petition in that case did not disclose a wanton disregard of the duties of a policeman, but that under mistake of fact the officer made the arrest.

I have, therefore, reached the conclusion that the relationship between the defendant and the police officer is one of employer and employee; that a policeman is not such an officer as the law contemplates should exempt the defendant from liability for the torts of its employees; that the doctrine of *respondeat superior* applies; that the allegations of the petition showing wanton negligence, make it incumbent upon the city to meet such allegations by answer and justification if such be the case.

The demurrer is therefore overruled.